IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THUAN VU,                                           )<br>                                                     )<br>            Plaintiff,                              )   Case No. CV06-15-HU<br>                                                     )<br>      vs.                                           )   FINDINGS AND<br>                                                     )   RECOMMENDATION<br>CITY OF PORTLAND; SGT. STEVEN J.                    )<br>LARSEN, individually and in his                     )<br>official capacity as a Portland                     )<br>Police Officer,                                     )<br>                                                     )<br>            Defendants.                              )<br>_____) | |

Nikola Lyn Jones
James P. McCurdy
Lindsay, Hart, Neil & Weigler
1300 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97201
      Attorneys for plaintiff

J. Scott Moede
Deputy City Attorney
Office of City Attorney
1221 S.W. Fourth Avenue, Room 430

1    - FINDINGS AND RECOMMENDATION

Portland, Oregon 97204
    Attorney for defendants

HUBEL, Magistrate Judge:

    Plaintiff Thuan Vu brought this excessive force action against the City of Portland and one of its police officers, Sgt. Steven Larsen, asserting claims under 42 U.S.C. § 1983 for deprivation of civil rights, negligence, and battery. The incident which forms the basis of Mr. Vu's action occurred on December 7, 2003. Mr. Vu's original complaint was filed in the Circuit Court for the County of Multnomah on December 7, 2005. The case was removed to this court on January 4, 2006. Defendants move to dismiss the complaint on the ground that the claims are time-barred.

    The sole issue before the court is whether the two-year statute of limitations for this action is to be computed in such a way that a year is defined as 365 days (with a leap year being 366 days) or whether a year is defined as 12 calendar months. Defendants assert that because 2004 was a leap year, plaintiff's claims are untimely.

    Because 42 U.S.C. § 1983 and most related federal civil rights statutes have no independent statute of limitations, the limitations period for commencement of § 1983 actions must be borrowed from state law. <u>Wilson v. Garcia</u>, 471 U.S. 261, 269 (1985); <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir. 1999).

2   - FINDINGS AND RECOMMENDATION

Section 1983 claims are to be characterized as personal injury actions for statute of limitations purposes. <u>Garcia</u>, 471 U.S. at 276; <u>Davis v. Harvey</u>, 789 F.2d 1332, 1333 (9th Cir. 1986). Oregon's general tort statute provides a 2-year statute of limitations. Or. Rev. Stat. § 12.110(1).

The length of the tolling limitations period, and closely related questions of tolling and application, are to be governed by state law, <u>Wilson</u>, 471 U.S. at 269, so long as they are not inconsistent with federal law. <u>Fink</u>, 192 F.3d at 914.

By statute, Oregon defines a "year" as a "calendar year." Or. Rev. Stat. § 174.120(5). Neither Or. Rev. Stat. § 12.110(1), the applicable statute of limitations, nor a federal rule, nor a federal case from the Ninth Circuit, provides a definition of the word "year." Thus, there is no conflicting federal rule governing the computation of time for purposes of Or. Rev. Stat. § 174.120(5).

ORS 174.120(5) was added to the statute after the Court of Appeals decided <u>Neff v. Jackson County</u>, 187 Or. App. 402 (2003), a case which disavowed the court's prior holding in <u>Federal Land Bank of Spokane</u>, 100 Or. App. 262 (1990). In <u>Federal Land Bank</u>, the court had observed, in dicta, that a year consists of 365 days, regardless of whether the year is a leap year.

I conclude, pursuant to Or. Rev. Stat. § 174.129(5) and <u>Neff</u>, that for purposes of this action, a year is to be defined

3   - FINDINGS AND RECOMMENDATION

as 12 months rather than 365 days. *See also* <u>Akers v. United States</u>, 2003 U.S. Dist. LEXIS 25487, 2003 WL 23531299 at *8, (D. Or. June 16, 2003)(under Oregon law, a year for purposes of the statute of limitations means 12 months, not 365 days, so that an additional day in a leap year does not bar an otherwise timely filed claim).

I recommend that defendants' motion to dismiss (doc. # 22) be DENIED.

### Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due August 29, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due September 12, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 14th day of August, 2006.

<u>/s/ Dennis James Hubel</u>

Dennis James Hubel
United States Magistrate Judge

4   - FINDINGS AND RECOMMENDATION